W. B. HAGAN, ET AL., *v.* KENTUCKY MUTUAL LIFE INSURANCE CO.
JAMES M. RICE'S ADM'R *v.* APPLEGATE, PONNDERFORD & CO.

**Life Insurance Company—Suit of Creditor Against Insurance Company.**
    A mere creditor, whose claim has not been put in judgment against a life insurance company, cannot maintain an action to subject the company's property to his claim and to the claims of others, and have such assets distributed. The most that he is entitled to is to have judgment on his debt, and the property of the company sold to pay it.

**Proceeding in Equity.**

> A creditor who has reduced his claim to judgment in a court of law, before he can proceed in equity to subject equitable interests, must have execution on his judgment and a return of no property found.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

December 15, 1877.

OPINION BY JUDGE PRYOR:

The appellant, Noble, and others, are asserting an indebtedness to them by the Kentucky Mutual Life Insurance Company, and seek to subject certain real estate to the payment of their debts alleged to be a part of the assets of the company, and also ask that the assets of the company be ascertained, as well as the creditors of the corporation, and a distribution of the same between them. The only plaintiffs in the original petition, or any other pleading connected with the cause, are the appellants, John C. Noble and wife, who prefer not only to sue for themselves, but for all others interested.

Noble and wife claim to be creditors only of the company, to the amount of $98, and if their claim is legal or equitable under the pleadings they were entitled to a judgment against the company; but how a mere creditor can go into a court of equity and ask to have the corporate affairs of the company settled and a distribution of assets is difficult to perceive. He disclaims in this case to be a policy holder, failed to pay the annual premiums as they became due, and seeks to recover back the sum of $98 that is alleged was obtained from him by fraud. The gist of this action is to make the company pay back money obtained by the fraud of its officers, with the additional allegation that others participated in the fraud, and that certain real estate claimed by them constituted a part of the assets of the company.

The action is well conceived as to the appellants, Noble and wife, but we are aware of no rule of law or equity that permits such an action to be instituted for others, or for all those who may see proper to assert claims against the debtor: A stockholder might institute such an action, or the creditor upon a return of no property found could file his bill to subject the equitable assets to the payment of his debt; but being a mere creditor he cannot claim more than to have a judgment for his debt and the property of the corporation sold to pay it.

When he obtains his judgment it can be levied on the assets, or

if required to proceed in equity to subject equitable interests he must have his return of no property found. We are aware of no instance where an action of this character has been maintained by a creditor only, in behalf of stockholders or others to administer the entire assets of a corporation by compelling a distribution. Under the act of 1856 it might have been done, but this is not a proceeding by virtue of that act. The other appellants have no action pending. They have asserted no cause of action by any appropriate pleading, and are only in the case by presenting their vouchers to the commissioner claiming to be creditors of the company. The fact that the debtor, whether an individual or corporation, is insolvent or has practiced a fraud, will not authorize one who is a creditor only to go into a court of equity for the purpose of having the debtor's estate administered. The right of appellants, Noble and wife, to a judgment against the company, and by proper proceeding to subject the assets of the company to its payment, we think is manifest.

The conduct of the chief officer was fraudulent from the inception of the enterprise. He was, or seemed to be, the sole manager of what funds the company had, and at no time after the insurance of the appellant had been affected had the company the means to enable it to comply with the terms of the policy. The inducements held out to policy holders were: "We have a large capital stock, with many thousand dollars paid in," when in fact they never had exceeding $90 at any one time, and the balance of stock and capital was made up of mortgages executed upon lands almost worthless, or of but little value. This was done for the express purpose of deceiving those who were interested to insure in the company.

The appellants had the right the moment they paid the money to institute the action to recover it back. It was a fraud practiced for the purpose of deceiving those who were invited to insure in the company; and in refusing to pay any additional premiums and claiming back the money paid, the appellants are asserting an undoubted right.

The company may have paid one policyholder, but this is not sufficient to overcome the actual fraud contemplated by Peck and actually practiced on confiding policyholders. The proof indicates that many prominent men, innocent of the fraudulent purposes of the company's chief officer, were induced to take stock and their names afterwards used by Peck to accomplish his fraudulent designs. As

to the two Rices and Gallup it is unnecessary to determine in these cases whether the land is liable or not to the payment of appellant's debt.

In this view of the case the judgment in favor of the creditors for $1,000 costs, to be paid the attorney, in so far as it affects appellants, must be *reversed;* and the original judgment in favor of the creditors, Moore and wife, and against the heirs of James Rice and against John Rice, Gallup and Brown, subjecting the land alleged to be claimed by them, is also *reversed* for the reason that there is no cause of action against them, and for the additional reason that the chancellor of Campbell county, upon the face of this record, had no power to sell land in Boyd county. In the appeal of Noble and wife and others, the judgment is *reversed,* so far as it affects Noble and wife, and *affirmed* as to the other appellants. The court will render a judgment against the company for the debt, interest and costs, in favor of Noble and wife. The costs will not include the commissioner's settlement and reference. Cause remanded for further proceedings consistent with this opinion.

*Berry & Hounshell, for appellants. J. G. Carlisle, for appellees.*